UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| GREGORY DONALDSON | Plaintiff |
| v. | Lead Civil Action No. 3:25-cv-312-RGJ |
| DD&S LOGISTICS, INC., et al., | Defendants |

\*\*\*

| | |
|---|---|
| M&M SERVICES CO., INC. | Plaintiff |
| v. | Member Civil Action No. 3:25-cv-293-RGJ |
| DAVID BRUCE, et al., | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

These cases arise out of an automobile accident in 2023. Kentucky AGC Self Insurer's Fund ("AGC") moves to intervene [DE 14][1] and Plaintiff Gregory Donaldson ("Donaldson") moves for leave to file an amended complaint [DE 16]. No party opposes the motions. Defendants in both cases have moved to consolidate *Donaldson v. DD&S Logistics, Inc., et al.*, Case No. 3:25-cv-312-RGJ (the "*Donaldson* Action"), with *M&M Services Co., Inc. v. David Bruce, et al.*, Case No. 3:25-cv-00293-RGJ (the "*M&M Services* Action").[2] [*See* DE 37; Case No. 3:25-cv-293-RGJ, DE 19]. Plaintiffs in both cases have indicated they have no objection to the motion to consolidate. [*Id.* at 179]. For the reasons below, AGC's Motion for Leave to File Intervening Complaint [DE 14], Donaldson's Motion for Leave to File First Amended Complaint [DE 16], the *Donaldson*

---

[1] Unless otherwise noted, all citations to the docket refer to the lead action, *Donaldson v. DD&S Logistics, Inc., et al.*, Case No. 3:25-cv-312-RGJ.
[2] The *M&M Services* Action was transferred to this Court on January 12, 2026. [Case No. 3:25-cv-293-RGJ, DE 24].

1

Defendants' Joint Motion to Consolidate Cases [DE 37], and the *M&M Services* Defendants' Joint Motion to Consolidate Cases [Case No. 3:25-cv-293-RGJ, DE 19] are **GRANTED**.

## I.  BACKGROUND

Donaldson filed suit on March 26, 2025, in Nelson Circuit Court, Kentucky.[3] Defendants removed the case to this Court based on diversity pursuant to 28 U.S.C. § 1441. [DE 1]. Similarly, Plaintiff M&M Services Co., Inc. ("M&M Services") filed its complaint on April 16, 2025 in the Nelson Circuit Court as Case No. 25-CI-00242, and Defendants[4] filed a notice of removal on May 22, 2025. [Case No. 3:25-cv-00293-RGJ at DE 1].

Both civil cases arise from an automobile accident allegedly caused by Defendant David Bruce ("Bruce")[5] while driving a semi-truck on April 18, 2023 in Nelson County, Kentucky. [DE 37 at 180]. Donaldson claims personal injuries, while M&M Services (Donaldson's former employer) seeks property damages sustained to its equipment at the construction site where the motor vehicle accident occurred and where Donaldson alleges he was working when he was injured. [*Id.*].

At the time of the accident, Donaldson was acting within the scope of his employment for M & M Services. [DE 14 at 111]. Donaldson therefore filed a claim with AGC, M & M Services' insurer, for workers' compensation benefits arising out of the April 18, 2023 accident. [DE 14-1 at 115]. On June 24, 2025, AGC moved to intervene as a matter of right in this action under Federal Rule of Civil Procedure 24(a) in order "to recoup any and all appropriate remedies including

---

[3] [*See* DE 1 (notice of removal of Case No. 25-CI-00182)].
[4] [*See* Case No. 3:25-cv-00293-RGJ, DE 1 (naming as defendants David Bruce, DD&S Logistics, Inc., DD&S Express, Inc., Charles Lindsey, and "John Doe")].
[5] Unfortunately, during the pendency of this matter, it appears that Bruce passed away in December 2025. [Case No. 3:25-cv-00293-RGJ, DE 22 at 94)].

reimbursement, award, and/or credit for payment of workers' compensation benefits paid, or to be paid, to or on behalf of [Donaldson]." [DE 14 at 112].

## II.  DISCUSSION

### A. Motion to Intervene

Under Rule 24(a), the "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest." Fed. R. Civ. P. 24(a)(2). To satisfy this rule, the Sixth Circuit requires an applicant show that: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2001) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 2011)). Each element is mandatory, so a failure to satisfy any element will defeat intervention. *Id.*

   *i. Timeliness of Application*

The Sixth Circuit has enumerated five factors to determine timeliness:

> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 900 (6th Cir. 2022) (citing *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011)).

All five factors suggest that AGC's motion is timely. First, there has not been significant progress on the merits as the Court has not yet ruled on any dispositive motions, nor has it closed discovery. *See In re Auto. Parts*, 33 F.4th at 901 ("Litigation is in its final stages when the district court has already ruled on dispositive motions . . . closed discovery . . . certified classes . . . or held fairness hearings that led to settlement approval." (collecting cases)). Further, an insurance company has a proper purpose for intervention when it seeks to recoup expenses from a liable defendant. *See Schmid v. Bui*, No. 5:19-cv-1663, 2020 WL 377821, at *3 (N.D. Ohio Jan. 22, 2020); *Gulley v. Fishing Holdings, LLC, No.* 1:14-cv-01138-STA-EGB, 2017 WL 3821687, at *3 (W.D. Tenn. Aug. 31, 2017). The Court is "unaware of any prejudice caused by permitting intervention at this stage" as the motion is unopposed. *Clark v. Amazon Logistics, Inc.*, No. 5:21-cv-86-BJB, 2022 WL 2374628, at *2 (W.D. Ky. June 30, 2022). Likewise, the Court is unaware of "any unusual circumstances present in this case" that counsel against intervention. *Nat. Tr. Ins. Co. v. Heaven Hill Distilleries, Inc.*, No. 3:14-cv-394-DJH-CHL, 2018 WL 1542148, at *11 (W.D. Ky. Mar. 29, 2018). Finally, AGC moved to intervene shortly after this case was removed to federal court. [*See* DE 1; DE 14].

    *ii. Substantial Legal Interest*

The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation modified); *see also Bradley v. Millike*, 828 F.2d 1186, 1192 (6th Cir. 1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally.").

AGC seeks to recover damages through this case as a subrogee. Under Kentucky law, an insurer who has paid workers' compensation is entitled to "recover in . . . its own name or that of

4

the injured employee from the other person in whom legal liability for damages exists[.]" KRS § 342.700(1). As a result, AGC has a substantial legal interest in the subject matter of the case.

### iii. Ability to Protect Legal Interest Without Intervention

KRS § 411.188(2) states that "a failure to assert subrogation rights by intervention . . . will result in a loss of those rights." District courts have held that this satisfies the third element necessary for intervening. *See, e.g., Marquez-Warner v. Campus Crest at Louisville, LLC*, 2018 WL 11446385, at *2 (W.D. Ky. 2018); *Lemaster v. Taylor Indus., LLC*, 2011 WL 1577808, at *1–2 (E.D. Ky. 2011). As a result, absent intervening, AGC could lose its subrogation rights and its ability to protect its legal interest.

### iv. Inadequate Representation

The burden of establishing that an intervenor's interest is not adequately protected by the existing party "is minimal" as the movant need only show representation may be inadequate, not that it will be inadequate. *Linton by Arnold v. Comm'r of Health and Env't, State of Tenn.*, 973 F.2d 1311, 1319 (6th Cir. 1992); *see Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). "[I]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.*

Donaldson's interests and AGC's interests are different. "[AGC] simply wants compensation for what it has and will have to pay as an insurer; [Donaldson] hopes to maximize his recovery for his injuries." *Lemaster*, 2011 WL 1577808, at *2. And AGC's recovery would be reduced pro rata by Donaldson's attorney fees. KRS § 342.700(1). Thus, Donaldson cannot be expected to adequately protect AGC's interest. Courts frequently grant motions to intervene in similar circumstances. *See, e.g. Mendez-Concepcion v. AIM Transportation, LLC*, No. 3:24-CV-240-RGJ, 2024 WL 2965643, at *2 (W.D. Ky. June 12, 2024).

Because the Court finds that AGC has satisfied all four factors required by Federal Rule of Civil Procedure 24(a), intervention is mandatory and therefore AGC's Motion to Intervene is **GRANTED**.

### B.  Motions to Amend and Consolidate Cases

Under Federal Rule of Civil Procedure 42(a), if actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a); *see also Innovation Ventures, L.L.C. v. Custom Nutrition Lab'ys, L.L.C.*, 451 F. Supp. 3d 769, 777 (E.D. Mich. 2020). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)). "The underlying objective [of consolidation] is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992).

Defendants in both cases submit that consolidation is appropriate because "[b]oth cases arise from a single, isolated automobile accident." [DE 37 at 181; *see also* 3:25-cv-00293, DE 19 at 90]. Defendants further submit that

> [t]he factual and legal issues present in both actions are substantially identical, and separate proceedings risk inconsistent judgements that could unfairly prejudice the Defendants. Moreover, all parties of each civil action agree that consolidation poses no risk of prejudice or confusion of the issues.

[DE 37 at 181; *see also* 3:25-cv-00293, DE 19 at 90]. Accordingly, "[c]onsolidating [the two] cases will prevent duplicative discovery, motion practice, witnesses, and leave no risk of inconsistent adjudication." [DE 37 at 182; *see also* 3:25-cv-00293, DE 19 at 91].

Here, as currently pled, both cases involve two of the same Defendants, present the same factual and legal questions, and would require testimony from many of the same witnesses should they proceed to trial. Moreover, Donaldson has moved to amend his complaint to join the additional defendants named in the *M&M Services* Action—that is, DD&S Express, Inc., Charles Lindsey, and "John Doe." [DE 16-1 at 126]. Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court sees no reason to deny Donaldson's motion to amend. Granting Donaldson's motion further militates in favor of consolidating the two related actions because the same defendants will be represented by the same counsel in both. [*See* DE 37 at 179]. Finally, the Court is unable to discern any prejudice that any parties (including AGC, as Intervenor) would suffer from consolidation of these two related actions, and neither Donaldson nor M&M Services have opposed consolidation.

Accordingly, the Court **GRANTS** Donaldson's motion to amend [DE 16] and further **GRANTS** the motions to consolidate [DE 37; 3:25-cv-00293, DE 19].

### III.    CONCLUSION

The Court, having considered the motions, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) AGC's Motion to File Intervening Complaint [DE 14] is **GRANTED**;

(2) The Clerk of Court is **DIRECTED** to file the tendered intervening complaint [DE 14-1] in the record;

7

(3) Donaldson's Motion to File First Amended Complaint [DE 16] is **GRANTED**;

(4) Donaldson's First Amended Complaint [DE 16-1] is deemed filed as of the date of entry of this Order;

(5) Defendants' Joint Motion to Consolidate Cases [DE 37] is **GRANTED**;

(6) The *M&M Services* Defendants' Joint Motion to Consolidate Cases [3:25-cv-00293, DE 19] is **GRANTED**.

(7) Thus, pursuant to Fed. R. Civ. P. 42(a):

    i. **IT IS ORDERED** that the *M&M Services* Action, 3:25-cv-00293-RGJ, is consolidated into the Action of 3:25-cv-00312-RGJ for all purposes. The lead action will be 3:25-cv-00312-RGJ. The Court will now administratively **DISMISS** the member civil action of 3:25-cv-00293-RGJ, and all pleadings already filed will now be considered as a part of the lead action.

    ii. **IT IS FURTHER ORDERED** that counsel are directed to use the above-styled case heading and file all further pleadings in the lead action.

    iii. **IT IS FURTHER ORDERED** that the Clerk of Court shall add the parties into the lead action, along with counsel of record, and add the member case in the docket text.

Rebecca Grady Jennings, District Judge
United States District Court

January 14, 2026